WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>         Plaintiff,<br>v.<br><br>Christopher Adam Rosales,<br><br>         Defendant. | CR-19-01896-001-TUC-JGZ (DTF)<br><br>REPORT AND RECOMMENDATION |

This matter comes before the Court on a Petition for Warrant to Revoke Supervised Release. (Doc. 77.) The undersigned conducted an evidentiary hearing on June 10, 2022. (Doc. 88.) The Court took the matter under advisement. After considering the testimony and exhibits, the Court recommends the district court, after its independent review, revoke Defendant's supervised release because the Government has established by a preponderance of the evidence that Defendant violated Standard Condition #1.

I.      BACKGROUND

On July 1, 2019, Defendant was arrested. He later pled guilty to transportation of illegal aliens for profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(i). (Doc. 24.) The District Court accepted the guilty plea and sentenced Defendant to fifteen months of custody, followed by thirty-six months of supervised release. (Doc. 42.) This sentence

included Standard Condition #1: "You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame." *Id.* at 2.

On July 26, 2021, Defendant admitted to violating his supervised release. (Doc. 68.) The District Court revoked supervised release and committed Defendant into custody for six months, followed by thirty months of supervised release. (Doc. 76.)

On February 18. 2022, U.S. Probation Officer Elena Federico, Defendant's probation officer, filed a Petition for Warrant to Revoke Supervised Release. (Doc. 77.) PO Federico alleged Defendant had been released from custody on January 11, 2022, and had failed to report to U.S. Probation within 72 hours, in violation of Standard Condition #1. *Id.* The Court held an evidentiary hearing on June 10, 2022. (Doc. 88.)

During the hearing, PO Federico and Defendant testified.[1] (Hrg. at 10:35, 10:53.) PO Federico testified she had become Defendant's probation officer in November 2021. *Id.* at 10:36. Prior to November 2021, Amanda Heinbaugh had been Defendant's probation officer. *Id.* Heinbaugh's outgoing message directed callers to contact her supervisor or the office. *Id.* at 10:41. PO Federico testified the District Court had previously revoked Defendant's supervised release and, because of a state case, he was transferred to state custody. *Id.* at 10:39. She attested that in December 2021 Defendant's sister called the probation office to inform them Defendant was in state custody. *Id.* at 10:42. The record

---

[1] In the interest of speed, the Court will cite to the time during the recording of the hearing.

- 2 -

did not indicate the sister was informed PO Federico was now Defendant's probation officer. *Id.* at 10:43. According to both PO Federico and Defendant, Defendant was released from state custody on January 11, 2022. *Id.* at 10:40, 10:55. There are no records showing Defendant reported in person to the nearest probation office. *Id.* at 10:40. PO Federico avowed that she attempted to contact Defendant in January and February, but the number was out of service. *Id.* at 10:43. Further, PO Federico testified that a call does not satisfy the reporting requirement in Standard Condition #1. *Id.* at 10:51.

Defendant testified that after his release from state custody, he called Heinbaugh the following day. *Id.* at 10:55. He also avowed he had called her supervisor, as Heinbaugh's outgoing message directed. *Id.* Defendant swore he had provided his new cellular phone number in the messages. *Id.* at 10:59. Defendant described attempting to comply with his conditions of release. *Id.* at 10:56. He had applied for a "sober living" program and was accepted to the Oxford House. *Id.* at 10:56-10:57. After being accepted into the Oxford House, he texted Heinbaugh to keep her informed. *Id.* at 10:57. Defendant admitted he never physically went to the probation office. *Id.* at 11:00. He believed a call would be sufficient, especially as he had previously reported with a call in 2020. *Id.* at 11:00-11:02.

Defense Counsel asked the court to understand that many individuals have difficulty navigating the bureaucracy and that without any notice from probation it was difficult for Defendant to know what "report" entailed. *Id.* at 11:05-11:08. He also argued that PO Federico could have called Defendant's mother or sister. *Id.* at 11:06. He urged the Court to find that Defendant did meet his technical requirement by calling his former probation officer. *Id.* at 11:07.

## II.     FINDINGS AND CONCLUSIONS

The Court has considered the testimony and the exhibits. The Court makes the following findings based on a preponderance of the evidence. Defendant was released from state custody on January 11, 2022. Standard Condition #1 requires Defendant to report to the probation office within 72 hours of being released. Defendant did not report to the probation office. Therefore, the Court recommends that the District Court revoke Defendant's supervised release.

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of this Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 10th day of June, 2022.

Honorable Bruce G. Macdonald
United States Magistrate Judge